UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOEL T. PEARSON,

    Plaintiff,

vs.                              CASE NO. 8:13-CV-1075-T-17AEP

COUNTRYWIDE HOME LOANS, INC.
AND BANK OF AMERICA
CORPORATION,

    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court pursuant to Defendants', COUNTRYWIDE HOME LOANS, INC. ("Countrywide") and BANK OF AMERICA CORPORATION ("Bank of America"), Joint Motion to Dismiss, (Doc. # 7), filed April 29, 2013, and JOEL PEARSON's ("Plaintiff") Response in Opposition, (Doc. # 9), filed May 10, 2013. For the reasons set forth below, the Plaintiff's Motion is **GRANTED** in part.

## BACKGROUND AND PROCEDURAL HISTORY

In 2005, Plaintiff and his former wife, Jean Pearson, decided to purchase a condominium in Venice, Florida. (Doc. # 2, ¶7). Plaintiff and his former wife contacted Anthony Clevenger ("Clevenger") with Countrywide to arrange financing. Id. at ¶8. Plaintiff alleges Clevenger and Countrywide helped Plaintiff and his former wife structure the financials and details of the loan application in a manner that would allow Plaintiff and his former wife to obtain a loan for which they might otherwise not qualify, id. at ¶¶8–10: Plaintiff and his former wife had an approximated $4,000.00 monthly income, whereas the loan application stated an approximate $21,600.00 monthly income, id. at ¶11; the

down payment for the loan was sourced from a home equity loan, but the loan application stated the down payment was from their savings account, id; and the Plaintiff was not employed and in the process of obtaining social security disability, while the loan application represented he was employed. Id.

On September 30, 2005, Countrywide issued a loan to Plaintiff and his former wife in the sum of $516,000.00, and executed a mortgage to secure the note. Id. at ¶14–16. With the proceeds of the home equity loan Plaintiff and his former wife obtained, as well as the $516,000.00 loan from Countrywide, Plaintiff and his former wife purchased the condominium unit in Venice, Florida, for $645,000.00. Id. at ¶17. Unable to fulfill the obligations and payments on the loan, Plaintiff and his former wife sold the condominium via short sale, and subsequently brought the subject action against Countrywide and its successor-in-interest Bank of America. Id. at ¶¶18, 3.

On March 15, 2013, Plaintiff brought the subject action in state court, and Defendants timely removed the action to district court. (Doc. ## 1, 2). In his Complaint, Plaintiff alleges the Defendants: 1) violated the Truth in Lending Act, 15 U.S.C. § 1601, and Federal Reserve Regulation Z, 12 C.F.R. § 226.1; 2) violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, and Regulation X, 24 C.F.R. § 3500; 3) breached a fiduciary duty owed to Plaintiff; 4) misrepresented the interest rate of the loan and Plaintiff's ability to fulfill the monthly mortgage obligation; 5) negligently supervised Clevenger's lending practices; and 6) violated Florida's Deceptive and Unfair Trade Practices Act. Id. at ¶¶19–68. On April 29, 2013, Defendants jointly moved to dismiss Plaintiff's Complaint in its entirety, (Doc. # 7), and Plaintiff responded in opposition May 10, 2013. (Doc. # 9).

CASE NO. 8:13-CV-1075-T-17AEP

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a [Rule] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his [or her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (second alteration in original) (citation omitted) (internal quotation marks omitted). An exhibit to a pleading is a part of the pleading for all purposes, and may be considered in ruling on a Rule 12(b)(6) motion "if it is central to the plaintiff's claims and is undisputed in terms of authenticity." Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 (11th Cir. 2005).

On a Rule 12(b)(6) motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1261 (11th Cir. 2012). Courts follow a two-pronged approached when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). If "the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the "plausibility requirement," but it requires "more than a sheer possibility" that the allegations are true. Id. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned [...] accusation." Id. (quoting Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265 (1986)).

## DISCUSSION

### 1. Plaintiff's TILA and RESPA Claims are Time Barred

Defendants move to dismiss Counts I and II of Plaintiff's Complaint, arguing the statutes of limitations expired prior to the filing of the Complaint. (Doc. # 7, pp.8–9). Plaintiff opposes such dismissal, and admits both Counts I and II were filed outside of the permissible respective statutes of limitations, but implores the Court to apply the doctrine of equitable tolling to save Counts I and II from dismissal. (Doc. # 9, pp. 15–17). Rather than allege concealment or some act that would infer malfeasance on the part of the Defendants, Plaintiff alleges the case is in its infancy, discovery has not been undertaken, vaguely refers to "indices of misrepresentation" without citing examples or applications thereof to the present circumstances, and Plaintiff might discover evidence to permit equitable tolling. Id.

Equitable tolling is an extraordinary remedy that must be used sparingly. Hunter v. Ferrell, 587 F.3d 1304 (11th Cir. 2009); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). Equitable tolling of a limitations period is warranted "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (quoting

Steed, 219 F.3d at 1300). A motion to dismiss based on the tolling of a statute of limitations can be granted only if it appears beyond a doubt that plaintiff can prove no set of facts that toll the statute. Summer v. Land & Leisure, Inc., 664 F.2d 965 (5th Cir. 1981).

Here, Plaintiff conceded Count I, TILA, and Count II, RESPA, were filed outside the permissible three-year statute of limitations period. Plaintiff's Complaint was filed March 15, 2013, and, therefore, Plaintiff necessarily concedes the actions of Defendants and harm suffered therefrom occurred before March 15, 2010. Plaintiff does not, however, provide any factual basis that would require application of equitable tolling. While a complaint does not fail to state a claim "simply because it omits facts that would defeat a statute of limitations defense," Hollander v. Brown, 457 F.3d 688 (7th Cir. 2006), the plaintiff must articulate extraordinary circumstances outside of his control and unavoidable with diligence. Downs, 520 F.3d at 1318. Plaintiff has failed to articulate any basis for which equitable tolling might apply, and dismissal of Counts I and II is appropriate and hereby **GRANTED**.

### 2. Plaintiff's Complaint States a Claim for Breach of a Fiduciary Duty

Defendants move to dismiss Count III of Plaintiff's Complaint, arguing a fiduciary duty could not exist between Plaintiff and Defendants, due to the arms-length nature of the transaction. (Doc. # 7, pp.9–10). Plaintiff contends sufficient facts plead in the Complaint would, if proven, create a fiduciary duty between Plaintiff and the Defendants' employees acting within the scope of their employment. (Doc. # 9, pp. 6–10).

The elements necessary to establish breach of a fiduciary duty include: 1) the existence of a fiduciary duty; 2) the breach of that duty proximately caused damages to plaintiff; and 3) damages flowing from the breach. Gracey v. Eaker, 837 So.2d 348 (Fla.

2002); Miller v. Miller, 2012 WL 1365064 (Fla. 5th DCA 2012). In Florida, a fiduciary relationship may be express or implied. Hogan v. Provident Life and Acc. Ins. Co., 665 F.Supp.2d 1273 (M.D. Fla. 2009). Florida has recognized a number of fiduciary relationships, including: 1) attorney to client, Forgione v. Dennis Pirtle Agency, Inc., 701 So.2d 557 (Fla. 1997); 2) officers and directors to shareholder, Cohen v. Hattaway, 595 So.2d 105 (Fla. 5th DCA 1992); 3) guardian to ward, In re Guardianship of Lawrence, 563 So.2d 195 (Fla. 1st DCA 1990); 4) personal representative to heirs and creditors, DeVaughn v. DeVaughn, 840 So.2d 1128 (Fla. 5th DCA 2003); 5) trustee to settlors and beneficiaries, Brundage v. Bank of America, 996 So.2d 877 (Fla. 4th DCA 2008); 6) agent to principal, Doyle v. Maruszczak, 834 So.2d 307 (Fla. 5th DCA 2003); and 7) bank's agents to customers. Capital Bank v. MVB, Inc., 644 So.2d 515 (Fla. 3d DCA 1994) (finding a fiduciary duty when, among other actions, bank agent urged customer's trust and undertook a heightened role in preparing loan documents). A fiduciary relationship may arise when one party reposes confidence in another and there is resulting superiority and influence on the other, and the duty need not necessarily be legal, but may be moral or even personal. Dale v. Jennings, 107 So. 175, 179 (Fla. 1925).

Here, Plaintiff has alleged Countrywide's employee Clevenger shepherded Plaintiff through the loan process by undertaking a heightened role in preparing the loan application and assisting with the ultimate closing of the transaction. Plaintiff contends that based on these actions a fiduciary relationship formed between Plaintiff and Countrywide, Plaintiff placed his trust in Clevenger, Countrywide and Clevenger took advantage of this relationship, breached the duty, and Plaintiff suffered damages. At this stage of litigation, Plaintiff has pled the necessary facts to survive dismissal; while

Defendants claim there typically is not a fiduciary relationship between lenders and borrowers, that is not absolute, and, as discussed above, a fiduciary relationship could arise between Plaintiff and Countrywide. Therefore, dismissal of Count III is **DENIED**.

### 3. Plaintiff's Complaint Fails to State a Claim for Misrepresentation

Defendants move to dismiss Count IV of Plaintiff's Complaint, arguing the allegations of misrepresentation with respect to Plaintiff's income cannot form a basis for misrepresentation because it is information about which Plaintiff knew at the time of executing the mortgage. (Doc. # 7, pp. 3–8). Plaintiff opposes, and lists additional actions in the Complaint upon which Plaintiff relied, specifically Defendants' and Clevenger's misrepresentations concerning: 1) "how to go about completing the loan application;" 2) "that it was perfectly acceptable to state the source of the downpayment [sic] was from savings, rather than from another loan;" 3) "that the Plaintiff and his former wife qualified for the mortgage;" and 4) "failing to disclose in understandable terms that the loan had a negative amortization component, with an interest rate that would increase exponentially in a year's time." (Doc. # 9, p.11). Plaintiff contends these additional actions and statements are sufficient to survive dismissal.

To state a cause of action for misrepresentation in Florida, Plaintiff has the burden of pleading the following, with particularity: 1) defendant made a false statement concerning a material fact; 2) defendant knew the representation was false; 3) defendant made the representation with the intent to induce another to act on it; and 4) the plaintiff suffered an injury based on the reliance. Johnson v. Davis, 480 So.2d 625, 627 (Fla. 1985). Here, the Plaintiff and his former wife sought to purchase the subject property, which is why they contacted the bank and eventually filled out the loan paperwork;

7

however, Plaintiff has now made the bare claim in his misrepresentation cause of action that "Countrywide intended that Plaintiff rely on the misrepresentations" and Plaintiff "sustained damages" therefrom. (Doc. # 2, ¶¶45–47). Courts have struggled to find a valid cause of action for misrepresentation or fraud when the Plaintiff knew the information was false (e.g., monthly income), the paperwork explicitly laid out the terms and conditions of the loan with no ambiguity (e.g., interest rates, sources of other capital), or the statements were mere opinion (e.g., the affordability of the loan). See Oglesbee v. IndyMac Financial Services, Inc., 686 F.Supp.2d 1313 (S.D. Fla. 2010); Zaffrullah v. Countrywide Home Loans, Inc., 2010 WL 503074 (S.D. Fla. 2010); Matthys v. Mortgage Electronic Registration Systems, Inc., 2009 WL 3762632 (M.D. Fla. 2009); Infante v. Bank of America Corp., 680 F.Supp.2d 1298 (S.D. Fla. 2009). Rather, courts consistently find the only inducement is on the part of the plaintiff inducing the bank to secure financing for the loan, which causes the third element of misrepresentation to fail as a matter of law, because ultimately the plaintiff signs and attests to the veracity of the information in the loan application, and knowledge is therefore imputed as a matter of law. Id.; see also MCC-Marble Ceramic Center, Inc. v. Ceramica Nuova d'Agostino, S.p.A., 144 F.3d 1384, 1387 (11th Cir. 1998); Linville v. Ginn Real Estate Company, LLC, 697 F.Supp.2d 1302, 1308–1309 (M.D. Fla. 2010); Reliable Finance Co. v. Axon, 336 So.2d 1271, 1273–1274 (Fla. 2d DCA 1976).

For Plaintiff's misrepresentation cause of action to prevail against a motion to dismiss, the Complaint must contain more than "conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). Here, Plaintiff's action for misrepresentation

fails as a matter of law: Countrywide and its employee's statements were made before Plaintiff completed the loan application, which laid out the terms for the loan and interest rate; were known to Plaintiff before he and his former wife executed the loan application with Countrywide, which plainly misstated the monthly income and source of the down payment; or were opinion and not factual statements. To compound matters, Plaintiff has failed as a matter of law to meet the heightened requirements of Federal Rule of Civil Procedure 9(b), which requires statements with particularity for fraud causes of action. See Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001). Therefore, dismissal of Count IV is **GRANTED**.

### 4. Plaintiff's Complaint Fails to State a Claim for Negligent Supervision

Defendants move to dismiss Count V of Plaintiff's Complaint, arguing Countrywide and banks in general do not owe a duty to Plaintiff or other loan applicants with respect to supervising its employees. (Doc. # 7, p.12). Plaintiff contends this argument is "specious" and "untenable," and that Countrywide and banks in general are not immune from negligent supervision causes of action and must be held accountable for employees' malfeasance. (Doc. # 9, pp. 5–6). Further, in his Complaint, Plaintiff alleges Countrywide failed to train employees, negligently hired employees, and failed to discipline its employees, (Doc. # 2, ¶¶56(a)–(d); however, Plaintiff has not connected these allegations to Clevenger or any particular employee, and this Court finds as a matter of law the apparent negligent hiring, training, and discipline allegations fall woefully short of stating a claim upon which relief may be sought.

To state a valid claim for negligent supervision, a plaintiff must plead the following elements: 1) the defendant owed a duty to protect the plaintiff from a particular injury or

damage; 2) the defendant breached that duty; 3) the defendant's breach was the proximate cause of injury or damage to the plaintiff; and 4) the plaintiff suffered damages caused by the breach. Malicki v. Doe, 814 So.2d 347, 361 (Fla. 2002). In addition to the standard tort elements, a plaintiff must further allege and prove that during the course of employment, the employer became aware, or should have become aware, of problems with an employee that indicate his unfitness, and the employer fails to take further action such as investigation, discharge, or reassignment. Watson v. The City of Hialeah, 552 So.2d 1146, 1148 (Fla. 3d DCA 1989). Liability will only attach when an employer either: 1) knows or should know about the offending employee's unfitness; and 2) fails to take the appropriate action. Garcia v. Duffy, 492 So.2d 435, 438–439 (Fla. 2d DCA 1986).

Plaintiff has failed to allege the necessary facts to survive dismissal. Plaintiff has not shown any basis for which Countrywide knew or should have known about Clevenger's unfitness for his job, or how Countrywide failed to take appropriate action, including investigating, discharging, or reassigning Clevenger to a different position. By failing to allege these necessary elements, the Count V of the Plaintiff's Complaint must fail as a matter of law, as Plaintiff has not sufficiently pled a cause of action for negligent supervision, and dismissal of Count V is **GRANTED**.

### 5. Plaintiff's Complaint States a Claim for FDUTPA

Defendants move to dismiss Count VI of Plaintiff's Complaint, solely arguing FDUTPA does not apply to federally-regulated banks, and is therefore inapplicable to Bank of America. (Doc. # 7, p.13–14). Plaintiff asserts that while Bank of America might be exempt from FDUTPA, Countrywide is not, and Bank of America is responsible for the actions of Countrywide as the successor-in-interest. (Doc. # 9, pp. 12–14). Plaintiff pled

CASE NO. 8:13-CV-1075-T-17AEP

the necessary elements for a claim of FDUTPA, and presented allegations that, when taken in the light most favorable to the non-moving party—i.e., Plaintiff—would suffice to survive dismissal—specifically that Countrywide does not fit the FDUTPA exemptions under Florida Statute § 501.212(4) because it was not wholly federally regulated. Therefore, dismissal of Count VI is **DENIED**.

Accordingly, it is **ORDERED** that:

1. Dismissal of Counts I, II, IV, and V is **GRANTED**;

2. Dismissal of Counts III and VI is **DENIED**;

3. Defendants shall have ten (10) days to answer Plaintiff's Complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of March, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record