UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOEL T. PEARSON,

    Plaintiff,

vs.                                          CASE NO. 8:13-CV-1075-T-17AEP

COUNTRYWIDE HOME LOANS, INC.
AND BANK OF AMERICA
CORPORATION,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS'
MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL**

This matter comes before the Court pursuant to Defendants', COUNTRYWIDE HOME LOANS, INC. ("Countrywide") and BANK OF AMERICA CORPORATION ("Bank of America"), Joint Motion to Strike Plaintiff's Demand for Jury Trial, (Doc. # 15), filed March 3, 2014, and JOEL PEARSON's ("Plaintiff") Response in Opposition, (Doc. # 19), filed March 24, 2014.  For the reasons set forth below, the Plaintiff's Motion is **GRANTED**.

**BACKGROUND AND PROCEDURAL HISTORY**

In 2005, Plaintiff and his former wife, Jean Pearson, decided to purchase a condominium in Venice, Florida. (Doc. # 2, ¶7).  Plaintiff and his former wife contacted Anthony Clevenger ("Clevenger") with Countrywide to arrange financing.  Id. at ¶8. Plaintiff alleges Clevenger and Countrywide helped Plaintiff and his former wife structure the financials and details of the loan application in a manner that would allow Plaintiff and his former wife to obtain a loan for which they might otherwise not qualify, id. at ¶¶8–10: Plaintiff and his former wife had an approximated $4,000.00 monthly income, whereas

the loan application stated an approximate $21,600.00 monthly income, id. at ¶11; the down payment for the loan was sourced from a home equity loan, but the loan application stated the down payment was from their savings account, id; and the Plaintiff was not employed and in the process of obtaining social security disability, while the loan application represented he was employed. Id.

On September 30, 2005, Countrywide issued a loan to Plaintiff and his former wife in the sum of $516,000.00. The parties executed a mortgage to secure the note. Id. at ¶14–16. With the proceeds of the home equity loan Plaintiff and his former wife obtained, as well as the $516,000.00 loan from Countrywide, Plaintiff and his former wife purchased the condominium unit in Venice, Florida, for $645,000.00. Id. at ¶17. Unable to fulfill the obligations and payments on the loan, Plaintiff and his former wife sold the condominium via short sale, and subsequently brought the subject action against Countrywide and its successor-in-interest Bank of America. Id. at ¶¶18, 3.

On March 15, 2013, Plaintiff brought the subject action in state court, and Defendants timely removed the action to district court. (Doc. ## 1, 2). In his Complaint, Plaintiff alleges the Defendants: 1) violated the Truth in Lending Act, 15 U.S.C. § 1601, and Federal Reserve Regulation Z, 12 C.F.R. § 226.1; 2) violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, and Regulation X, 24 C.F.R. § 3500; 3) breached a fiduciary duty owed to Plaintiff; 4) misrepresented the interest rate of the loan and Plaintiff's ability to fulfill the monthly mortgage obligation; 5) negligently supervised Clevenger's lending practices; and 6) violated Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"). Id. at ¶¶19–68. On April 29, 2013, Defendants jointly moved to dismiss Plaintiff's Complaint in its entirety, (Doc. # 7), and Plaintiff responded

in opposition May 10, 2013. (Doc. # 9). The Court dismissed Counts I, II, IV, and V of the Complaint, and allowed Plaintiff to proceed on Counts III and VI, (Doc. # 16), for which Plaintiff demanded a jury trial. (Doc. # 2).

Defendants jointly move to strike Plaintiff's demand for jury trial based on the jury trial waiver contained in the mortgage. (Doc. # 15). Plaintiff opposes the motion, and contends: 1) Defendants failed to meet their burden of proof that Plaintiff knowingly, voluntarily, and intelligently waived his right to jury trial; 2) Defendants failed to show that the relevant factors for analyzing a jury trial waiver militate in their favor; and 3) striking the jury trial is unconscionable, contrary to public policy, and unfair. (Doc. # 19).

## **LEGAL STANDARD**

To determine whether a jury trial waiver is knowing and voluntary, courts consider, among other factors: 1) the conspicuousness of the provision of the contract; 2) the level of sophistication and experience of the parties entering into the contract; 3) the opportunity to negotiate terms of the contract; 4) the relative bargaining power of each party; and 5) whether the waiving party was represented by counsel. Correa v. BAC Home Loans Servicing LP, 2012 WL 1176701 at *15 (M.D. Fla. 2012) (citing Collins v. Countrywide Home Loans, Inc., 680 F.Supp.2d 1287, 1294 (M.D. Fla. 2010); Allyn v. Western United Life Assurance Co., 347 F.Supp.2d 1246, 1251 (M.D. Fla. 2004). No single factor is determinative; rather, the Court must determine "whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." Allyn, 347 F.Supp.2d at 1252.

## **DISCUSSION**

The waiver, in light of the circumstances, is not unconscionable, contrary to public policy, or unfair.  The parties do not dispute the waiver at issue reads as follows:

> **25. Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

(Doc. # 15-1 at 11).

The jury trial waiver is conspicuous.  Plaintiff implores the Court to consider "where the waiver appears in the document [], where signatures appear in the document [], whether initials are required where the waiver is located on the page, or on the page itself. …along with type face, whether the type is in captials, bold, etc."  (Doc. # 19 at 4–5). Plaintiff's counsel admits the waiver "was not especially hidden or buried deep in the mortgage," but argues the font size was unchanged from the rest of the document, the font size was not in bold typeface or capital letters, and Plaintiff was not required to initial the area.  (Doc. # 19 at 5).  Plaintiff's counsel cites cases in which courts have found waivers conspicuous.  In Collins v. Countrywide Home Loans, Inc., the jury waiver appeared directly above the plaintiff's signature.  680 F.Supp.2d. 1287 (M.D. Fla. 2010).  In Oglesbee v. IndyMac Financial Services, the plaintiff initialed the page that contained the jury trial waiver.  675 F.Supp.2d 1155 (S.D. Fla. 2009).  Plaintiff's signature appears less than one inch away from the jury trial waiver, and the waiver is below a section entitled "Attorneys' Fees."  (Doc. # 15-1 at 11).  These are the only provisions, and both titles appear in bold, contained on the last page of the mortgage—the page Plaintiff

4

signed. (Doc. # 15-1 at 11). The jury trial waiver is worded in clear and unambiguous language. Plaintiff's counsel's arguments fail to move the Court.

Plaintiff claims "[t]he allegations contained in the Complaint filed in this action…plainly illustrate Plaintiff's lack of both sophistication and experience in these matters," and that Defendants bear the burden of establishing the level of sophistication of Plaintiff. The Court is unmoved by this argument. In Correa—a case Plaintiff's counsel cited in his Response in Opposition—the court found the plain language of a similarly-worded jury trial waiver did "not require any special education or expertise to understand" the implications of the waiver, and that "disputes in any loan agreement are reasonably foreseeable." Correa, 2012 WL 1176701 at *16. Here, the jury trial waiver was sufficiently worded in plain language so as to allow even an unsophisticated, inexperienced borrower to understand he or she waived his or her right to a jury trial.

Plaintiff next argues his individual, rather than corporate, status, places him at a weaker bargaining position and inability to negotiate the terms of the contract. Plaintiff admits he "[a]rguably…could have walked away from the transaction," and that Plaintiff and his wife "placed a substantial deposit as a downpayment [sic] on the transaction." (Doc. # 19 at 7). Plaintiff posits that Plaintiff and his wife would have lost their substantial deposit had they walked away from the deal by unsuccessfully demanding Defendants strike the jury trial waiver—that, essentially, Plaintiff and his wife had no other choice but to sign the document. (Doc. # 19 at 7). Plaintiff offers no evidence to this effect—either in the form of sworn deposition testimony or sworn affidavits. This same argument, and the lack of submitted evidence, was summarily dismissed in Correa. 2012 WL 1176701 at * 16). It is so dismissed here.

CASE NO. 8:13-CV-1075-T-17AEP

Plaintiff finally argues Plaintiff was without legal representation at the closing of the mortgage transaction. (Doc. # 19 at 8). <u>Correa</u> also addresses this factor, ruling "a contractual waiver is not unenforceable because one party is 'a large corporation represented by counsel and the other party is an individual not represented by counsel.'" <u>Correa</u>, 2012 WL 1176701 at *16 (quoting <u>Collins</u>, 680 F.Supp.2d at 1296).

Based on the foregoing analysis, and the totality of the circumstances, Plaintiff knowingly and voluntarily waived his right to a jury trial. The jury trial waiver is applicable to the claims raised in Plaintiff's Complaint because they arise out of or are related to the security instrument or note. Accordingly, it is **ORDERED** that Plaintiff's demand for jury trial is stricken, and this matter will proceed as a bench trial.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>6th</u> day of February, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:    All Counsel and Parties of Record