**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOEL T. PEARSON,

    Plaintiff,

vs.                                      CASE NO. 8:13-CV-1075-T-17AEP

COUNTRYWIDE HOME LOANS, INC.
AND BANK OF AMERICA
CORPORATION,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S
ALLEGATIONS IN PARAGRAPH 63 OF THE COMPLAINT**

This matter comes before the Court pursuant to Defendants', COUNTRYWIDE HOME LOANS, INC. ("Countrywide") and BANK OF AMERICA CORPORATION ("Bank of America"), Motion to Strike Plaintiff's Allegations in Paragraph 63 of the Complaint, (Doc. # 26), filed June 25, 2014, and JOEL PEARSON's ("Plaintiff") Response in Opposition, (Doc. # 43), filed August 7, 2014.  For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND AND PROCEDURAL HISTORY**

In 2005, Plaintiff and his former wife, Jean Pearson, decided to purchase a condominium in Venice, Florida.  (Doc. # 2, ¶7).  Plaintiff and his former wife contacted Anthony Clevenger ("Clevenger") with Countrywide to arrange financing.  Id. at ¶8. Plaintiff alleges Clevenger and Countrywide helped Plaintiff and his former wife structure the financials and details of the loan application in a manner that would allow Plaintiff and his former wife to obtain a loan for which they might otherwise not qualify, id. at ¶¶8–10:

CASE NO. 8:13-CV-1075-T-17AEP

Plaintiff and his former wife had an approximated $4,000.00 monthly income, whereas the loan application stated an approximate $21,600.00 monthly income, id. at ¶11; the down payment for the loan was sourced from a home equity loan, but the loan application stated the down payment was from their savings account, id; and the Plaintiff was not employed and in the process of obtaining social security disability, while the loan application represented he was employed.  Id.

On September 30, 2005, Countrywide issued a loan to Plaintiff and his former wife in the sum of $516,000.00.  The parties executed a mortgage to secure the note.  Id. at ¶14–16.  With the proceeds of the home equity loan Plaintiff and his former wife obtained, as well as the $516,000.00 loan from Countrywide, Plaintiff and his former wife purchased the condominium unit in Venice, Florida, for $645,000.00.  Id. at ¶17.  Unable to fulfill the obligations and payments on the loan, Plaintiff and his former wife sold the condominium via short sale, and subsequently brought the subject action against Countrywide and its successor-in-interest Bank of America.  Id. at ¶¶18, 3.

On March 15, 2013, Plaintiff brought the subject action in state court, and Defendants timely removed the action to district court.  (Doc. ## 1, 2).  In his Complaint, Plaintiff alleges the Defendants: 1) violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and Federal Reserve Regulation Z, 12 C.F.R. § 226.1; 2) violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, and Regulation X, 24 C.F.R. § 3500; 3) breached a fiduciary duty owed to Plaintiff; 4) misrepresented the interest rate of the loan and Plaintiff's ability to fulfill the monthly mortgage obligation; 5) negligently supervised Clevenger's lending practices; and 6) violated Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").  Id. at ¶¶19–68.  On April 29, 2013, Defendants jointly

moved to dismiss Plaintiff's Complaint in its entirety, (Doc. # 7), and Plaintiff responded in opposition May 10, 2013. (Doc. # 9).  On March 12, 2014, the Court dismissed Counts I, II, IV, and V of the Complaint, and allowed Plaintiff to proceed on Counts III and VI; Count VII remained unchallenged.  (Doc. # 16).  Plaintiff did not seek relief to amend his Complaint to plead with further specificity the misrepresentation or other dismissed counts.  Defendants now seek to strike paragraph 63 of Plaintiff's Complaint, arguing that the FDUTPA alleged violations arise from previously-dismissed counts.  (Doc. # 26).  Plaintiff opposes the motion.  (Doc. # 43).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) empowers a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Rule provides two scenarios when the Court may act: "(1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).  A motion to strike is granted when the allegations have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D. Fla. 1995).

## DISCUSSION

Procedurally, Defendants' relief is barred.  Defendants had the opportunity to move for dismissal of Count VI (FDUTPA) in April 2013 for the same reasons Defendants moved for dismissal of the related counts, but failed to do so.  Defendants failed to comply with Rule 12(f) by moving to strike the allegations within 21 days of receiving the Complaint or within 21 days of the entry of the order granting dismissal.  This matter is currently

3

Case 8:13-cv-01075-EAK-TBM   Document 90   Filed 02/10/15   Page 4 of 4 PageID 1394

CASE NO. 8:13-CV-1075-T-17AEP

scheduled for a bench trial, which should alleviate confusion of the issues or prejudice to the Defendants.  While this specific relief is procedurally untimely, the substance of the relief sought is not final, and could be addressed through alternative means. Accordingly, it is **ORDERED** that Defendants' motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of February, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record